## MOSES SMITH *vs.* NELSON ROBINSON.

Though a writ, in which the damages are laid at more than seventy dollars, is served by a constable, who has no authority to serve it, yet if the defendant enters his appearance generally, and does not except to the service, at the return term, he waives the irregularity, and cannot subsequently take advantage of it.

THIS was an action of assumpsit. The writ was directed ' to the sheriff of the county of Worcester, or his deputy, oɪ

the constable or constables of Hardwick." The *ad damnum* was eighty six dollars ; and the writ was served by a constable of the town of Hardwick, who, by the plaintiff's order, arrested the defendant.

The action was entered at the June term of the court of common pleas, in 1845, when the defendant appeared by counsel, and the action was continued, from term to term, until June term 1846, when the defendant filed a motion that the action be dismissed, because the writ had not been served upon him agreeably to the statutes of this Commonwealth. The court overruled the motion. The facts were entered upon the records of the proceedings of the court, and the action was continued till December term 1846 ; no objection to the overruling of the aforesaid motion being on file. At December term 1846, the action was tried, and a verdict was returned for the plaintiff. The defendant then excepted to the ruling of the court on the motion to dismiss the action.

*E. Fuller*, for the defendant.    By the Rev. Sts. *c.* 15, § 71, a constable cannot serve a writ, in a personal action, in which the damages are laid at a greater sum than seventy dollars ; and the only question is, whether the motion to dismiss was made seasonably.    Delay to object to the service is not a waiver, where the officer had no authority to serve the process.    *Hart* v. *Huckins*, 5 Mass. 260, and 6 Mass. 399. *Simonds* v. *Parker*, and *Kittridge* v. *Bancroft*, 1 Met. 508. *Carlisle* v. *Weston*, 21 Pick. 535.

*Chapin*, for the plaintiff.    The defendant, by appearing, without objection, waived the irregularity of the service. 3 Chit. Gen. Pract. 525.    *Ripley* v. *Warren*, 2 Pick. 592. The court has jurisdiction, when there is an actual, though not a legal service, if the defendant appears.    See *City of Lowell* v. *Parker*, 10 Met. 309.    *Prescott* v. *Tufts*, 7 Mass. 209.

DEWEY, J.    The present is one of those objections that are cured by a general appearance.    The only object of the service of the writ by a proper officer is, to bring the party into court ; and if he voluntarily comes in and enters his appearance as a party on the record, any defect in the service is

cured. It would be otherwise if the defendant had come in specially, saving to himself all advantages, and for the alleged purpose of taking advantage of the defect of service. *Knox* v. *Summers,* 3 Cranch, 496. *Pearson* v. *Rawlings,* 1 East, 77. *Fox* v. *Money,* 1 Bos. & Pul. 250. *Fletcher* v. *Wells,* 6 Taunt. 191. *Rawes* v. *Knight,* 7 Moore, 461.

In the present case, not only was there a general appearance entered at the first term, but a continuance of the case and further appearance from term to term to the fourth term, when, for the first time, the objection was raised of a defective service of the writ.

The case differs essentially from those where there is a want of jurisdiction of the subject of the suit. In such cases, neither appearance nor direct consent of parties would give jurisdiction; and a motion to dismiss may be sustained at any stage of the proceedings. But if the court have jurisdiction of the subject, and the only alleged defect is that of want of jurisdiction of the person, that may be cured by a general appearance.        *Exceptions overruled.*